UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-62284-BLOOM/Valle

DEBORAH KRAUSE,

    Plaintiff,

v.

CAREERS USA,

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant CareersUSA Inc.'s ("CareersUSA") Motion to Dismiss Plaintiff Deborah Krause's ("Ms. Krause") Complaint, ECF No. [1]. ECF No. [15] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is granted.

**I. BACKGROUND**

CareersUSA, an employment staffing company, placed Ms. Krause with Baer's Furniture Company, Inc. ("Baer's") to work as a CSR/Processor. ECF No. [1] at 6. After three to four days of training – from April 19, 2016 to April 22, 2016 – Ms. Krause was terminated. *Id.* Baer's supervisor, Sue Dame ("Ms. Dame"), informed Ms. Krause that she had been terminated "because of a statement she had made as well as some other complaints" Ms. Dame received from Ms. Krause's unit. *Id.* Ms. Dame would not disclose the other complaints she received to Ms. Krause, but did disclose them to CareersUSA. *Id.*

Thereafter, Ms. Krause returned to CareersUSA to inquire about the additional complaints made against her at Baer's. *Id.* CareersUSA would not disclose any details about the

additional complaints to Ms. Krause, and one of the CareersUSA employees who Ms. Krause spoke with denied Ms. Krause's request to relay a message to a supervisor. *Id.* On or about April 27, 2016, a CareersUSA supervisor contacted and informed Ms. Krause that she could not disclose details about the additional complaints. *Id.* Ms. Krause, in response, explained that the statement she had made which contributed to her termination was misconstrued. *Id.*

Ms. Krause completed a Charge of Discrimination for filing with the Equal Employment Opportunity Commission ("EEOC") on July 28, 2016. *See id.* at 9-12. In the EEOC Charge, Ms. Krause alleged that CareersUSA informed her that she would not be placed into another position with Baer's because she was not wanted there and that CareersUSA did not have any new employment opportunities for her elsewhere. *Id.* at 9. Ms. Krause, a white female, further alleged that her race and sex "may have been a factor" in CareersUSA not placing her in another position. *Id.* On August 31, 2016, the EEOC issued a Dismissal and Notice of Rights to Ms. Krause, which indicated that the EEOC, based upon an investigation, was unable to conclude that the information obtained established a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (the "ADA"), the Genetic Information Nondiscrimination Act, 42 U.S.C. § 2000ff–1 ("GINA"), or the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (the "ADEA"). *Id.* at 7. The Dismissal and Notice of Rights also advised Ms. Krause of her right to sue. *Id.*

Ms. Krause then filed a Complaint, ECF No. [1], against CareersUSA on September 23, 2016. Ms. Krause claims that she was "wrongly terminated according to Title VII, Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act. . . . based on reverse Sexual harassment, discrimination based on race, color, and reverse sexual orientation of another employee." *Id.* at 6. Ms. Krause, pointing again

to her race and sex (as well as her age, which is 52), believes that CareersUSA accepted as true Baer's "false complaints against her, whatever they are, because [] CareersUSA staff's [sic] the unit with all or mostly Black representatives." *Id.*

CareersUSA filed its Motion on November 22, 2016. *See* ECF No. [15]. CareersUSA requests that the Court dismiss the Complaint in its entirety on the basis that it fails to state a claim under Title VII or any of the other statutes referenced therein – namely, the ADA, GINA, or the ADEA. *Id.* at 4-8. In the alternative, CareersUSA argues that the claims asserted under the ADA, GINA, or the ADEA should be dismissed because Ms. Krause failed to allege employment discrimination under any of those statutes in her EEOC Charge. *Id.* at 8-9. Ms. Krause's Response, ECF No. [22], followed.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

The Court employs "less stringent standards" in assessing *pro se* pleadings. *See Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 276-77 (11th Cir. 2008) (quoting *Hepperle v. Johnston*, 544 F.2d 201, 202 (5th Cir. 1976)). However, the Court may not act as

counsel for a party or rewrite deficient pleadings, and *pro se* litigants must still adhere to well-established pleading standards. *See id.* (citing *McNeil v. United* States, 508 U.S. 106, 113 (1993) and *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Through this lens, the Court addresses the instant Motion.

**III.    DISCUSSION**

The Complaint asserts that Ms. Krause's termination from CareersUSA violated Title VII as well as the ADA, GINA, and the ADEA. The specific allegations in the Complaint and the EEOC Charge, however, relate exclusively to Ms. Krause's race and sex, and so the Court will address first whether the Complaint sates a claim under Title VII.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e–2(a)(1). Liability in such cases "depends on whether the protected trait actually motivated the employer's decision.'" *Young v. United Parcel Serv., Inc.*, 135 S. Ct. 1338, 1345 (2015) (quoting *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003)). A plaintiff can prove disparate treatment either (1) by direct evidence that a workplace policy, practice, or decision relies expressly on a protected characteristic, or (2) through circumstantial evidence using the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Young*, 135 S. Ct. at 1345. Under the *McDonnell Douglas* framework, "[a] plaintiff establishes a prima facie case of disparate treatment by showing that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004) (citations omitted); *see also*

*Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008) ("To make out a prima facie case of racial discrimination [under Title VII], a plaintiff must show (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably.") (citation omitted); *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 792 (11th Cir. 1999) ("Title VII plaintiffs establish a prima facie case when they demonstrate: (1) that the plaintiff belongs to a class protected under Title VII; (2) that the plaintiff was qualified for the job; and (3) that the misconduct for which the employer discharged the plaintiff was the same or similar to what a similarly situated employee engaged in, but that the employer did not discipline the other employee similarly"). That said, "[t]he methods of presenting a prima facie case are not fixed; they are flexible and depend to a large degree upon the employment situation." *Wilson*, 376 F.3d at 1087 (citation omitted).

"Direct evidence is evidence, which if believed, proves the existence of the fact in issue without inference or presumption." *Maynard v. Bd. of Regents of Div. of Universities of Florida Dep't of Educ. ex rel. Univ. of S. Florida*, 342 F.3d 1281, 1289 (11th Cir. 2003) (internal quotations and alterations omitted). Even in cases premised on circumstantial evidence, however, "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of discrimination" to avoid dismissal. *Twombly*, 550 U.S. at 547 (alterations in original) (quoting *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002)); *see McCone v. Pitney Bowes, Inc.*, 582 Fed. Appx. 798, 801 n.4 (11th Cir. 2014). *But see Uppal v. Hosp. Corp. of Am.*, 482 Fed. Appx. 394, 396 (11th Cir. 2012) ("Although a plaintiff need not satisfy the *McDonnell Douglas* framework at the pleading stage in order to state a claim for

disparate treatment, the ordinary rules for assessing the sufficiency of a complaint [still] apply." (footnote and internal quotation marks omitted).

Applying the *McDonnell Douglas* framework and the flexible standard applicable to claims made under Title VII, the Court finds that the Complaint fails to sufficiently state a claim for employment discrimination. In both the Complaint and the EEOC Charge, Ms. Krause indicated that the stated basis for her termination from Baer's, as she was told, included a comment that she made that was allegedly misconstrued and complaints made against her. ECF No. [1] at 6, 9. Lacking in both the Complaint and the EEOC Charge, however, are any factual allegations that lend to an inference that a protected trait – *i.e.*, Ms. Krause's status as a white female – played a role in her termination. For example, there are no allegations that similarly situated persons outside of the asserted protected class were treated any differently than Ms. Krause; that the racial composition of Baer's staff was "all or mostly black" is simply not enough to support Ms. Krause's conclusory assertion that her race and/or sex "may have been a factor" to her termination and her not being placed in another position by CareersUSA. *Id.* at 9; *see Wilson*, 376 F.3d at 1087; *Crawford*, 529 F.3d at 970; *Lathem*, 172 F.3d at 792. Similarly, the Complaint's conclusory assertion that CareersUSA believed to be true the false complaints made against Ms. Krause – complaints that admittedly were never disclosed to Ms. Krause – because CareersUSA was responsible for the above mentioned racial composition is also unsupported. *See id.* at 6. Accordingly, the Court dismisses Ms. Krause's claim for employment discrimination under Title VII without prejudice with leave to amend.

To the extent that the Complaint invokes the ADA, GINA, and the ADEA, *see* ECF No. [1] at 6, the Complaint fails to state a claim under each, and so any claims thereunder are also dismissed without prejudice. As discussed, both the Complaint and the EEOC Charge attribute

Ms. Krause's termination to her race and sex – not to any identified disability of Ms. Krause's, her genetic information, or her age.[1] Indeed, though Ms. Krause had the option to, she did not check off any of the latter categories on her EEOC Charge as bases for her alleged discrimination. *See id.* at 9. Naturally, then, the Complaint fails to allege that, for purposes of the ADA, Ms. Krause had a disability, identified a reasonable accommodation to Baer's or CareersUSA, and was discriminated because of that disability. *See Mont-Ros v. City of W. Miami*, 111 F. Supp. 2d 1338, 1350 (S.D. Fla. 2000) (stating the elements for a prima facie case of employment discrimination based on a disability under the ADA). With respect to GINA, the Complaint fails to set forth any factual allegations relating to Ms. Krause's genetic information as that term is contemplated under the statute. *See Bell v. PSS World*, 2012 WL 6761660 (M.D. Fla. Dec. 7, 2012) ("Genetic information entails 'information about [an] individual's genetic tests, the genetic tests of family members of such individuals, and the manifestation of a disease or disorder in family members of such individual.'") (quoting 42 U.S.C. § 2000ff(4)(A)), *report and recommendation adopted by* 2013 WL 45826 (Jan. 3, 2013). Finally, as to the ADEA, the Complaint fails to allege that "a substantially younger person filled the position that [Ms. Krause] sought or from which [s]he was discharged."[2] *See Greene v. Loewenstein, Inc.*, 99 F. Supp. 2d 1373, 1378 (S.D. Fla. 2000) (stating the elements for a prima facie case of age discrimination under the ADEA).

---

[1] The Complaint does identify Ms. Krause's age, but not in such a way as to suggest that age played any role in Ms. Krause's termination from Baer's. *See* ECF No. [1] at 6 ("As a 52 year old White Female, Deborah Krause was discriminated against in Wrongful Termination *because of her Race*.") (emphasis added).

[2] The argument in Ms. Krause's Response that "arguably a substantially younger person filled the position from which Plaintiff was discharged because of the fact the other employees made her unwelcomed the first day she went to Bear's [sic][,]" ECF No. [22] at 4, is not a logical one and is without any basis in either the Complaint or the EEOC Charge.

In addition to arguing that the Complaint fails to state a claim under the ADA, GINA, or the ADEA, CareersUSA also argues that any such claims are now barred "as a matter of law" because they were not presented in the EEOC Charge. ECF No. [15] at 10. This is not necessarily so. The Court recognizes the nature of the relationship between an EEOC charge and an ensuing judicial complaint: "The starting point of ascertaining the permissible scope of a judicial complaint alleging employment discrimination is the administrative charge and investigation. . . . A plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Miami Dade Public Health Trust*, 369 Fed. Appx. 19, 21-22 (11th Cir. 2010) (quoting *A.M. Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1332 (11th Cir.2000) (internal quotation marks omitted)); *see also Rodriguez v. Sec'y of Dep't of Veterans Affairs*, 605 Fed. Appx. 957, 958 (11th Cir. 2015) ("To determine whether a complaint falls within this scope, [a court must] ask whether the complaint is 'like or related to, or grew out of, the allegations contained in her EEOC charge.'") (quoting *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir.2004)). Here, the "ultimate act that [Ms. Krause] complained about was that she was terminated[,]" and "[a]t the point at which she filed the [EEOC] charge, she believed that she was terminated because of her race and sex." *Gregory*, 355 F.3d at 1280 (internal quotation marks and alteration omitted). The Eleventh Circuit has provided instructive guidance in addressing similar circumstances:

> [The plaintiff] set forth relevant dates of discrimination in the charge, as well as the reasons why she believed she was terminated. Although not clear in the record, the EEOC presumably investigated, at least in some fashion, the possible reasons why [the plaintiff] was terminated, growing from her initial "belief" that it was because of her race and sex. Indeed, there could be various permutations of non-legitimate reasons why an employee is ultimately terminated. . . . After a careful reading of [the] EEOC charge prepared without the assistance of counsel . . ., [the plaintiff's] retaliation claim was not administratively barred by her failure

to mark the retaliation space on the EEOC template form. . . . An EEOC investigation of her race and sex discrimination complaints leading to her termination would have reasonably uncovered any evidence of retaliation.

*Id.* Accordingly, although Ms. Krause's claims for relief under the ADA, GINA, and the ADEA are dismissed, Ms. Krause will be granted leave to amend notwithstanding the fact that the EEOC Charge reflects Ms. Krause's belief that her termination was on account of her race and sex.[3]

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant CareersUSA Inc.'s Motion to Dismiss, **ECF No. [15]**, is **GRANTED**. Plaintiff Deborah Krause is granted leave to amend and is directed to file an Amended Complaint on or before **January 11, 2017.**

**DONE AND ORDERED** in Miami, Florida, this 30th day of December, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[3] Of course, any future claims alleging the discrimination of Ms. Krause based on disability, genetic information, or age must be like or related to, or to have grown out of, the allegations contained in the EEOC Charge. *See Rodriguez*, 605 Fed. Appx. at 958 ("Plaintiffs may not raise allegations of new acts of discrimination in the judicial proceedings.") (internal quotation marks, alteration, and citation omitted).